# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-566V
Filed: August 17, 2016
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MANIA HARMITT, | \* |
| | \* |
| Petitioner, | \* |
| | \* |
| v. | \* Attorneys' fees and costs decision; |
| | \* no response filed by respondent; |
| SECRETARY OF HEALTH | \* reasonable attorneys' fees and costs |
| AND HUMAN SERVICES, | \* |
| | \* |
| Respondent. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Clifford J. Shoemaker</u>, Vienna, VA, for petitioner.
<u>Jennifer L. Reynaud</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 4, 2012 petitioner filed a petition for compensation under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012).  Petitioner alleged that she developed bullous dermatitis caused by her receipt of the influenza ("flu") vaccine on September 8, 2009.  On June 27, 2016, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation.

On July 23, 2016, petitioner filed a motion for attorneys' fees and costs.  Petitioner requested attorneys' fees in the amount of $11,084.25 and attorneys' costs in the amount of

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.  If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

$725.45, for a total request of $11,809.70.  In compliance with General Order #9, petitioner's counsel stated petitioner did not incur any expenses in pursuit of her claim.  Fee App. at 1.  On August 6, 2016, petitioner filed an amended application for attorneys' fees and costs.  In her amended application, petitioner requests an additional $1,204.00 in attorneys' fees and an additional $44.10 in attorneys' costs, for a total request of $13,057.80.  Petitioner explained that the "amended application adds the time and expense spent sending the client her lump sum check [on August 6, 2016]."  Am. Fee App. at 1.

Respondent's response to petitioner's original motion was due by August 11, 2016.  However, respondent did not file a response to petitioner's motion for attorneys' fees and costs.  Under the Vaccine Act, a special master or a judge on the U.S. Court of Federal Claims shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1); Sebelius v. Cloer, 133 S. Ct. 1886, 1893 (2013).  The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.  Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

The undersigned has reviewed the billing records attached to petitioner's original application for attorneys' fees and costs and her amended application for attorneys' fees and costs.  Based on her experience in the Vaccine Program, the undersigned finds the amount requested by petitioner to be reasonable.

Therefore, the undersigned **GRANTS** petitioner's Motion for Attorneys' Fees and Costs.  Accordingly, the court awards **$13,057.80**, representing attorneys' fees and costs.  The award shall be in the form of a check made payable jointly to petitioner and Shoemaker, Gentry & Knickelbein in the amount of **$13,057.80**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: August 17, 2016                                                                 s/ Laura D. Millman
                                                                                  Laura D. Millman
                                                                                  Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.